IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES RENNE, owner of Kansas property, on behalf of himself and a class of similarly situated persons, <br><br>  Plaintiffs, <br><br> v. <br><br> NEXTERA ENERGY INC., a Florida corporation, NEXTERA ENERGY RESOURCES LLC, a Delaware corporation, SOLDIER CREEK WIND LLC, a Delaware corporation, NEXTERA ENERGY CAPITOL HOLDINGS INC., a Florida corporation, and the following subsidiaries and affiliate Delaware corporations: NEXTERA ENERGY CONSTRUCTORS LLC, NEXTERA ENERGY PROJECT MANAGEMENT LLC, NEXTERA ENERGY OPERATING SERVICES LLC, and JANE DOE NEXTERA subsidiaries 1-5, <br><br>  Defendants. | **CIVIL ACTION** <br> **CASE NO.** _____ <br><br><br><br><br><br> PETITION AND <br><br> COMPLAINT - CLASS ACTION <br> JURY DEMAND REQUESTED |

**PETITION AND CLASS ACTION COMPLAINT**

Plaintiff James Renne[1], on behalf of himself and a class of similarly situated persons, hereby brings this cause of action against Defendants listed in the case caption and alleges the following upon personal knowledge, information and belief.

**JURISDICTION AND VENUE**

1. Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. § 1332.

**PARTIES**

2. Defendant NextEra Energy, Inc., is a for-profit corporation incorporated

---

[1] Plaintiff is a licensed attorney in this Court. Mr. Blair Drazic is a practicing attorney in several adjoining United States District Courts and, upon entry in this matter *pro hac vice*, will be the lead counsel.

under the laws of Florida. Defendant is engaged in power generating activities on a worldwide basis, to include other locations within the United States. They are the world's largest wind power generating corporation.

3. The following Defendants subsidiaries Soldier Creek Wind LLC, NextEra Energy Resources LLC (hereinafter "NEER"), NextEra Energy Constructors LLC, NextEra Energy Operating Services LLC, NextEra Energy Project Management LLC, and other unnamed subsidiaries of NextEra Energy, Inc. (hereinafter "NEE") are subsidiaries of, and substantially controlled by, share dozens of individual executive positions occupied by the very same individuals with, share the same corporate headquarters facilities and addresses with, and share the same corporate decision making processes and routing as an unmistakable part of a joint venture enterprise with one another and parent corporation NextEra Energy, Inc. of Jupiter, Florida.  These subsidiaries are all incorporated under the laws of the state of Delaware.

4. Plaintiffs allege based on information, knowledge and belief that all of these entities are so controlled by the parent Nextera Energy, Inc., and intermingled in operational decision-making and control with one another, as to be agents of Nextera Energy, Inc. and/or constitute a joint venture or alter ego under law. They will collectively be referred to as "Nextera Defendants" or "NextEra" interchangeably. Plaintiffs believe that discovery will establish personal jurisdiction. The basis of these allegations is as follows:

    a. All Nextera Defendants utilize and refer all contact for substantive decision-making and legal process back to the same one location that all refer to in some way as "Corporate Governance."  That address is a corporate headquarters facilities all concentrated at 700 Universe Boulevard, Juno Beach, Florida 33408.

For instance, The Kansas Secretary of State official website, concerning Defendant Soldier Creek LLC states: "Current Mailing Address: Attn Corp Gov - 700 Universe Blvd., Juno Beach, FL 33408." Similarly, Defendant NextEra Energy Project Management LLC has been registered for years to do business in the District of Columbia with the exact same reference to its controlling upstream parent corporations: "Business Address 700 Universe Blvd. Attn: Corp Gov Juno Beach Florida 33408." NextEra Energy Project Management LLC also lists its "Beneficial Owners" as "Crews, Terrell Kirk" and "Beilhart, Kathy" and "O'Sullivan, Michael" all at "700 Universe Blvd Juno Beach FL 33408."  Defendant Soldier Creek Wind LLC is also a direct subsidiary of the one primary operational subsidiary for the entire NextEra joint venture enterprise, that being NextEra Energy Resources LLC (a.k.a. "NEER" as opposed to the parent corporation NextEra Energy, Inc. ("NEE").

b. Defendant NEE admits in its own SEC filing, NEE controls this one, unitary Enterprise through two primary subsidiaries, one of which is Defendant NextEra Energy Resources, LLC ("NEER").  Defendant NEER controls the nationwide activities and operations of the NextEra joint venture through its agents and shell subsidiary corporations. Defendant NEE clearly states it this way in multiple past SEC filings, "NEE has two principal businesses, FPL and NEER" and "NEE conducted its operations principally through its two wholly owned subsidiaries, FPL and NEER[]." The filings also further explain that, "NEER's strategic focus is centered on the development, construction and operation of long-term contracted assets throughout the U.S. and Canada, including renewable

3

generation facilities, natural gas pipelines and battery storage projects." Ibid. Thus, Defendant NEER is the lynchpin and operations arm of the NextEra joint venture for purposes of nationwide operations to include, more specifically, clear and substantial "minimum contacts" in this jurisdiction.

c. NEER engages in the "development, construction and operation" of nationwide energy production but also the nationwide sale and supply of the generated electricity from that production in wholesale and retail markets around the country. Again, as described below in their multiple Securities and Exchange Commission (hereinafter "SEC") filings, they indicate that Defendant NEER independent of its controlled agent subsidiaries, is engaged in the supplying and servicing of generated "clean energy" into the wholesale markets in this forum.[2]

d. NEER is a direct and substantive player in wholesale and retail energy market; and NEER is the primary actor in control of the "development" and "construction" of all wind projects for the NextEra joint venture throughout the country to include the Soldier Creek Wind LLC Project, its wholly-owned and controlled subsidiary.

e. In multiple NEE SEC filings, it admits that NEER directly engages in selling wholesale electricity in all markets nationwide.[3]

f. In terms of Defendant NEER's direct reach into this jurisdiction through the wholesale market, it is necessary to briefly explain the structure of that market and reference NEER's own explanation of its activities in those markets.

---

[2] The other primary subsidiary is Florida Power & Light which is engaged in local utility service in Florida and is not, at this time, believed to be involved in this case.
[3] http://otp.investis.com/clients/us/NextEra_energy_inc/SEC/secshow.aspx?Type=page&FilingId=13234910-20007-95520&CIK=0000753308&Index=11100

Regional Transmission Organizations (hereinafter "RTO") and Independent System Operators (hereinafter "ISO") are the entities that, among other things,[4] actually "administer[]…wholesale electricity markets" throughout the country.[5] These are the entities through which Defendant NEER makes transactions of wholesale electricity generated by its hundreds of subsidiary wind, solar, natural gas, and nuclear powered generation projects. In Defendant NEE and NEER's own words, repeated in all recent SEC 10-K filings: "RTOs and ISOs exist throughout much of North America to coordinate generation and transmission across wide geographic areas and to run markets. NEER operates in all RTO and ISO jurisdictions." (emphasis added).[6]

## COUNT I

5.     Plaintiff hereby incorporates by reference all other paragraphs as if set forth herein in their entirety.

6.     Plaintiff seeks damages for the nuisance created when NextEra Defendants[7] erected a colossal 495 foot electric wind turbine tower with over 200 foot rotating arms only a few hundred feet from Plaintiff's property line rather than the 600 foot set back NextEra publicly promised to observe between their towers and non-participating landowners when developing their huge 130 tower Soldier Creek Wind project in Nemaha County, Kansas.  NextEra purports

---

[4] https://www.NextEraenergyservices.com/for-business/business-service-areas/washington-dc
[5] https://en.wikipedia.org/wiki/Regional_transmission_organization_(North_America)
[6] See NEER's own website with a map including the District of Columbia, 10-k Filing at 16-17: http://otp.investis.com/clients/us/NextEra_energy_inc/SEC/secshow.aspx?Type=page&FilingId=13925138-97273-169147&CIK=0000753308&Index=11100

[7] Plaintiff includes all named Defendants under the joint enterprise referenced collectively as "NextEra Defendants."

to recognize this minimum 600 foot set back from property lines in the Term Sheet signed, agreed to, and published with the Nemaha County Board of Supervisors on July 30, 2019.[8]

7.      Plaintiff was sought out by NextEra to participate in the project in 2018.  He had several discussions with a NextEra representative about participating until he witnessed what he came to realize were deceptive business practices by NextEra Defendants related to a pattern of misleading inducements and material concealment that was clearly intended to deceptively induce and interfere with landowners' ability to understand and enforce their rights.  Plaintiff expressly rejected and repudiated any further discussions with NextEra Defendants concerning any land use contract or agreement in a letter dated December 30, 2019 – five months prior to the erection of the colossal wind towers.   NextEra Defendants contemporaneously and clearly acknowledged and accepted the fact that no land use contract or agreement existed between NextEra Defendants and Plaintiff related to the Soldier Creek Wind Project.  They first did so by cashing the $4,750.00 check that Plaintiff tendered to them with his December 30, 2019 letter that represented the amount of preliminary payments NextEra sent to Plaintiff during the discussion phase.[9]  Again, they cashed the check months before the first turbine tower was ever erected.

8.      Not long after receiving Plaintiff's letter, NextEra Defendants also expressly acknowledged that no formal contract or agreement then existed between Plaintiff and NextEra Defendants in a formal declaration filed under penalty of perjury in the United States District Court for the District of Columbia by NextEra Corporate Executive Spencer Jenkins, "*Lead*

---

[8] See heading Soldier Creek Wind Farm, "Term Sheet" paragraph 2(a) at http://ks-nemaha.manatron.com.

[9] NextEra Defendants have kept that money and never returned it to this day, nearly a year and half later.

*Project Manager of Development for Defendant NextEra Energy Resources LLC*" (NEER) and filed on behalf of NextEra Defendants captioned above to include Soldier Creek Wind LLC, operator of the joint venture industrial-level wind generation array that spans the south half of Nemaha County, Kansas.  It reads as follows: "*In my role as Lead Project Manager of Development, I manage all wind development efforts for NEER in Kansas, including development of the Soldier Creek Wind Project…Soldier Creek Wind and Mr. Renne had discussions for more than a year regarding Mr. Renne executing a participating landowner agreement for the Project. In a letter to Soldier Creek Wind dated December 30, 2019, attached hereto as Exhibit A-4, Mr. Renne advised that he decided to decline execution of the participating landowner agreement that the parties had been discussing for more than a year*." See page excerpts for paras. 1-2 at page 1 and para. 19 at page 9 of Declaration of Spencer Jenkins, attached as Exhibit A.

9. No land use contract or agreement exists between Defendants and Plaintiff. Plaintiff is a "non-participating landowner" related to the Soldier Creek Wind Project.  NextEra's massive 495-foot wind turbine tower was erected and is operating far too close to Plaintiff's property line creating nuisance.  In fact, Plaintiff had planned for years to build a residential dwelling and a small stand-alone chapel along that very property line as it is one of the highest points on his property with the best view of the surrounding rolling prairie landscape.  He, in fact, fully intended to begin construction early in 2020 and had obtained an official County designation and exemption for the dwelling structure in that exact location in early 2020 after County officials had researched and reviewed, to include a site visit, the proposal.  Once the Covid-19 lockdowns began, Plaintiff was unable to progress any further with construction as he

had planned. Once the NextEra tower was so rapidly erected immediately after FAA's ruling was published, the residential dwelling and chapel construction plans had to be forever abandoned because it was far too dangerous to site any buildings anywhere near that part of his property as it was so directly under the looming wingspan of the turbine tower's massive arms. A neighbor has reported seeing "20 foot long ice sheets" being thrown "hundreds of feet" off of the rotating blades of that exact NextEra wind turbine so close to Plaintiff's property line just a few months ago during the winter months. The neighbor indicated the ice sheets thrown from NextEra's turbine blades certainly landed on Plaintiff's property.

## CLASS ACTION ALLEGATIONS

10. Plaintiff hereby incorporates by reference all other paragraphs as if set forth herein in their entirety.

11. The following were committed against Plaintiff Renne and a nationwide class of similarly situated persons.

12. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Rules of this Court on behalf of himself and the following class:

13. **Class: All persons who signed land use instrumentalities related to a NextEra Defendant development project and, as of December 30, 2019, were never directly tendered a copy thereafter by a NextEra Defendant, either electronic or hard copy, of the executed, countersigned land use instrumentality.**

14. Defendants have employed a nationwide scheme to interfere with and suppress legal rights and opportunities of the largely rural and trusting populations it targets for private

land use leases and options contracts by a systematic, prolonged, and calculated administrative process that is deceptive, unconscionable, and misleading in violation of common law.

15. NextEra Defendants deceptively induce landowners with their false and misleading communications and practices and unlawfully interfered with landowners ability to fully know and exercise their rights and interests. This nationwide practice of forever concealing the actual counter-signed lease and options instruments renders those documents incomplete and unenforceable to this day because it was a company-wide practice done intentionally to disadvantage and confuse the vulnerable counter parties, and results in the contracts or agreements to have never been fully formed given the absence of the final step of delivery of the executed instrument to the counter party.

16. This practice has deprived the counter parties of ever exactly knowing such critical matters as (1) on what date did the actual alleged contract obligations begin; (2) what are the actual and exact terms of the signed instrumentalities; and (3) with whom they actually have the contractual relationship given the dizzying array of never-ending NextEra subsidiaries and affiliates involved in the entire scheme and operations.

17. NextEra cannot say that providing a copy of the roughly 12 pages of documents is in the least way too burdensome, expensive, unreasonable, or inconvenient.  It was done intentionally as a practice.

18. In addition, NextEra Defendants first misled individuals into thinking they were executing at that moment a contract for a land lease, and/or option for same, when in fact they were deceived into adopting wholesale NextEra's adhesion instrument, containing language wholly advantageous and often against the landowner's best interest, and deceptively induced

into adopting it as if it was the final act of executing a contract when it was not.  NextEra was not accepting any edits to their adhesion instrument; and landowner's were told it would take, likely over a month, for the documents to be "reviewed by lawyers" and other NextEra corporate officers in Florida who would be making a decision on whether to agree to accept it by signing it or not. The deceptively induced "offer" was then packaged up and sent back to NextEra's "corporate headquarters" where the 'corporate governance' for all these matters took place in Jupiter, Florida where they were reviewed by not only Soldier Creek Wind LLC or NextEra Energy Resources LLC attorneys and officer but also others in the NextEra corporate spider web of attorneys and officers for approval.  If NextEra decides to sign the adhesion instrument, they do so in secret and as a matter of policy act to frustrate and conceal from the landowner partner the counter-signed actual documents in order to interfere with and inhibit the other party's ability to ever know with complete certainty or enforce their rights contained in the actual counter-signed instrument.

19.     The Class likely includes hundreds of individuals, making joinder impractical, in satisfaction of the requirements of FRCP 23(a)(1).  NextEra Defendants indicate 361 local landowners in Nemaha County, Kansas are considered "participating" landowners just for the Project in that County. See para. 7, page 3 of NextEra Executive Spencer Jenkins Declaration at Exhibit B.  The exact size of the Class and the identities of the individual members thereof are ascertainable only through discovery of Defendants' records.

20.     The claims of Plaintiff are typical of the claims of all of the other members of the Class.  The claims of the Plaintiff and the Class are based on the same legal theories and arise from the same action and practices of Defendant resulting in the same injury to the Plaintiff and

the Class.  The Class has a well-defined community of interest.  The Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class.

21.	There are questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual Class members within the meaning of FRCP 23(a)(2) and 23(b)(2).

22.	Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

> a.	Whether Defendant's conduct constituted fraud, or other tort at common law, in concealing forever the actual signed real property land use contracts from participating landowners leaving them insecure and even guessing about such fundamental things as the exact terms of the instruments they actually signed and when those terms allegedly went into effect;
>
> b.	Since it was a pattern and practice nationwide, what was Defendants' motive in concealing these critical final executed contract documents necessary to any meaningful understanding and ability to enforce the counter-party's legal rights and interests;
>
> c.	Whether Plaintiffs and the Class are entitled to specific relief whether equitable, as a matter of law, costs and/or attorney's fees.

23.	Plaintiff will fairly and adequately represent and protect the interests of the Class.

24.     Plaintiff is an attorney licensed in this jurisdiction.  Mr. Blair Drazic, lead counsel whose admission *pro hac vice* has been submitted, is a very experienced federal litigator having conducted over a hundred jury trials in state and federal courts. To deny the putative Class of representation and require individuals to bring separate claims would be substantially prohibitive and will result in an ineffective and incomplete resolution of the issue.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

25.     Absent a class action, most class members would find the cost of litigating their interests to be prohibitive and likely not worth it.  Plaintiff and their counsel will zealously pursue the claims on behalf of the Class and have the resources to do so.  Plaintiff has no interest adverse to those of other Class members.

26.     Plaintiff's counsel does not have an interest adverse to those of other Class members and believes serving as representative plaintiff and class co-counsel will not conflict with the rights of other putative class members.

**SUB-CLASS COUNT II (KANSAS RESIDENT CLASS ACTION)**

2.      The following were committed against Plaintiff Renne and a class of Kansas land owners similarly situated persons.

3.      Defendants used deceptive and unconscionable actions in gaining land lease agreements and options for industrial wind farm projects in violation of the Kansas Consumer Protection Act, 50 K.S.A. 623 *et al*. (hereinafter "KCPA"), when they engaged in conduct such

as the following but not limited to:

    a.    Intentionally spreading rumors that anyone who "bad mouths" or criticizes the wind farm project can be held liable and will be sued by Defendants thereby suffering irreparable financial and reputational harm.  Such intentionally spread rumors had the effect of suppressing community opposition to their wind farm projects.  The opposition was very strong but slow in organizing but without these intentionally placed rumors could have garnered even stronger and overwhelming political opposition, maybe even halting the project in the absence of these false rumors.

    b.    Utilizing fraud and/or deception in attempting to induce lease and option rights from private land owners for their industrial level wind manufacturing projects by communicating words to the effect of:

        i.    "all your neighbors have already signed up for this project;" and

        ii.    "you better act fast because if you don't you will likely miss out since very soon will be withdrawing any further opportunity to participate;" and

        iii.    "the project is definitely going to happen whether you sign up or not and you don't want to be the only neighbor who gets nothing for it;" and

        iv.    "there is very little noise from these windmills" and

        v.    "there is only a slight swooshing sound from the turbines;" and

        vi.    "we will be getting back in touch with our planned turbine placement and you can object to any proposed locations and we will work

                with you to move them;" and

        4.        Defendants also intentionally deprived the class of a copy of the actual executed copy of the land use instrumentalities counter-signed by a NextEra official in an attempt to interfere and enhance the effect of the above-described deceptive and unconscionable practices. This act of concealment constitutes a separate violation of the KCPA.

        5.        Defendants were also complicit in the unlawful intimidation of a local elected Constitutional officer and governing municipal board member who was threatened with being fired from a well-paying job with NextEra transmission partner Every Energy of Kansas, then Westar Energy, if he did not immediately cease all public opposition to the huge wind project, delete and halt all social media in opposition, and "have no position" on the Project going forward. Prior to that point, the local official was a leading and outspoken opponent in the Nemaha County Community against NextEra's Soldier Creek Wind project and also a leader of the majority faction of voting municipal board members in Corning, Kansas who were actively developing serious restrictions and substantial limitations on the size and scope of NextEra's Project through Corning Kansas ordinances. Having just been hired by NextEra's partner at the time Westar Energy six months prior, he was not able to withstand the threat to his livelihood and complied with their demands. He abstained from subsequent critical votes of the Corning, Kansas municipal board causing a tie vote on issues related to NextEra's Project; thus, resulting in an abrupt halt to progress during the critical few months prior to construction related to any meaningful limitations on the size and scope of the massive development that just a few months later would blanket that southern half of Nemaha County, Kansas. Plaintiff first learned of this thuggish and illegal intimidation scheme a few weeks prior to penning his letter to NextEra on

December 30, 2019.

6. These are deceptive and/or unconscionable business practices that violate the Kansas Consumer Protection Act regardless of whether or not those subjected to these practices were ultimately deceived or signed any "agreements" with NextEra. Thus, these acts by NextEra and their agents and representatives constitute separate and distinct individual counts and violations of the KCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, pray for the following relief:

A. An order certifying the Class;

B. An order appointing Plaintiff as representatives and co-counsel of the Class and Blair Drazic, Esq. as counsel for the Class;

C. A judgment for damages, injunctive and equitable relief, punitive damages, and all other relief the Court deems appropriate; Jury demand is hereby made;

E. Payment of Plaintiff's and the Class' costs and reasonable attorneys' fees and any further relief the Court deems proper.

Dated: May 18, 2021                             Respectfully submitted,


                                                _____Unsigned_____
                                                Blair Drazic, Esq. (CO No.39879)
                                                Grand Junction, Colorado
                                                Counsel for Plaintiff and the
                                                Putative Class
                                                *Admitted in Fed. Dist. Ct. Dist. Of
                                                Colorado

*Pro Hac Vice Motion Filed*

*_____s/James Renne_____*
*James Renne, Esq.  (KS Bar No. 18078)*
*4201 Wilson Blvd.*
*Suite 110521*
*Arlington, VA 22203*
*Pro Se and for the Putative Class*