IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES RENNE,

    Plaintiff,

    v.

SOLDIER CREEK WIND LLC,

    Defendant.

Case No. 21-4032-HLT-ADM

**MEMORANDUM AND ORDER**

This action, which plaintiff James Renne ("Renne") filed on May 18, 2021, arises out of the construction of industrial wind turbines in Nemaha County, Kansas that Renne alleges were erected too close to his property line. Renne's original complaint and his amended complaint (filed shortly thereafter to cure jurisdictional allegations) alleged claims of nuisance, negligence, and fraud on behalf of himself and a similarly situated class, against various corporate entities affiliated with NextEra Energy Resources that were involved in the construction of the Soldier Creek wind project in Nemaha County. (ECF 1, 9.) In January 2022, Renne further amended his complaint, alleging nuisance and inverse condemnation and seeking a class action declaratory judgment of the nullity and unenforceability of land use contracts homeowners signed based on defendants' fraud. (ECF 35.)

On July 25, 2022, the district judge dismissed Renne's claims against all but one of the NextEra defendants for failure to state a claim upon which relief can be granted because Renne's complaint did not allege that any of them are the owners or operators of the Soldier Creek wind project in Nemaha County. (ECF 56.) The district court noted that "it is undisputed" that only defendant Soldier Creek Wind LLC ("Soldier Creek") is the actual owner and operator of the wind-

turbine project in Nemaha County (*id.* at 12), and Renne had not shown how the other NextEra defendants could be liable under an alter ego theory, why piercing the corporate veil was necessary, or that defendants were liable under joint and several liability, joint venture or common enterprise, or direct liability. (*Id.* at 13-18.) The court also struck Renne's putative class claim and dismissed his claim for inverse condemnation. (*Id.* at 19-27.)

Within a month of this dismissal order, Renne filed a motion to amend his complaint seeking to re-add private nuisance claims against two of the dismissed NextEra defendants, NextEra Energy Resources, LLC ("NEER") and NextEra Energy Project Management LLC ("NEPM"). (ECF 60.) Renne contended his amendment rectified the pleading deficiencies identified in the court's July 25 order. (*Id.*) On October 31, the court denied his motion on grounds of futility and undue delay. (ECF 67.)

On December 12, the court held a scheduling conference and issued a scheduling order. (ECF 69, 70.) The scheduling order set a deadline of February 2, 2023, to file any motions to amend the pleadings. (ECF 70, at 2, 6.) Renne did not file any other motion to amend his pleading before this deadline.

Five months after the deadline, Renne filed the current motion to amend on July 3, once again seeking to re-add nuisance claims against NEER and NEPM. (ECF 101.) For the same reasons stated in the court's order denying Renne's prior motion to amend (ECF 67), and for the reasons discussed herein, the court denies Renne's current motion to amend based on untimeliness and futility.

I.   **ANALYSIS**

Where, as here, the scheduling order deadline for a motion to amend the pleadings has expired, the party seeking leave to amend must (1) demonstrate good cause for modifying the

scheduling order under FED. R. CIV. P. 16(b)(4), and (2) satisfy the standards for amendment under FED. R. CIV. P 15(a). *Seale v. Peacock*, 32 F.4th 1011, 1030 (10th Cir. 2022); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Whether to grant a motion to amend is within the court's sound discretion. *Gorsuch*, 771 F.3d at 1240.

### A. Renne Has Not Shown Good Cause Under Rule 16.

"Rule 16(b)(4) is arguably more stringent than Rule 15." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018). It provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts." *Seale*, 32 F.4th at 1030. Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240. On the other hand, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed." *Id.* If a moving party fails to demonstrate good cause, the court may deny the motion on this basis alone. *See Gorsuch*, 771 F.3d at 1242 (declining to consider Rule 15(a) when there was not good cause under Rule 16(b)); *see also Husky Ventures*, 911 F.3d at 1019 (affirming district court's denial of a motion to amend for lack of good cause).

Although Renne acknowledges that "[t]his motion is being filed after the date in the Scheduling Order for amending" (ECF 101, at 3 n.2), he does not explicitly address Rule 16 or explain his delay in moving to amend. The court denied Renne's prior motion to amend his complaint to add NEER and NEPM on October 31, 2022. (ECF 67.) Discovery opened no later than November 21. (*See* ECF 68 (setting November 21 deadline for Rule 26(f) conference).) The prior order denying Renne's motion to amend put Renne on notice of the shortcomings in his

3

pleadings with respect to his claims against NEER and NEPM. Renne had over two months to conduct discovery prior to the February 2 amendment deadline to shore up his case against those two entities. Yet Renne waited until July 2023 to file this motion to amend. Renne suggests that "new evidence" excuses his untimeliness and that "the definitive nature of the new evidence is compelling and should be allowed adjudication on the merits." (ECF 101, at 3 n.2.) Renne is referencing statements made by a NEER project manager during a Jackson County, Kansas commissioners' meeting in April 2023. (ECF 101-7.) Still, Renne fails to explain why he waited two and a half months after this "new evidence" came to light to bring his motion to amend. Therefore, Renne has not demonstrated diligent efforts in moving to amend by the amendment deadline or diligent efforts in moving to amend once he discovered this new evidence.

### B. Renne Also Does Not Meet the Rule 15(a) Standards for Leave to Amend.

The court also denies Renne's motion for leave to amend under Rule 15(a) standards. When a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A court may only withhold leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Renne's motion fails under Rule 15(a) because he unduly delayed in moving to amend and because his amendment is futile. The undue delay analysis begins by examining the reasons for delay. *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan*

4

*v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).  As discussed above, Renne has no adequate explanation for his delay in seeking amendment.  *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (denial of leave to amend is appropriate where the party seeking amendment "has no adequate explanation for the delay").  Thus, for essentially the same reasons discussed above with respect to the Rule 16 good-cause standard, the court denies Renne's motion based on undue delay.

Renne's proposed amended pleading is also futile.  "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal."  *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff."  *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).  However, the court disregards conclusory statements and looks only "to whether the remaining factual allegations plausibly suggest the defendant is liable."  *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1067 (10th Cir. 2022).  Here, Renne's amended pleading still does not plead facts plausibly suggesting that NEER and NEPM are the owners or operators of the wind turbines about which he complains, nor has he pleaded facts showing a basis for joint and several liability, a joint venture or common enterprise, or direct liability for Renne's nuisance claim.

In arguing that his amendment is not futile, Renne points the court to a NEER project manager's testimony at a county commissioners' meeting in a different Kansas county concerning a different potential wind project. (ECF 101-7.)  Renne contends that this testimony shows that NEER owns and operates the Soldier Creek wind project.  But the project manager's testimony, which Renne asserts is "new evidence" that supports his proposed new claims, does not directly

5

address the Soldier Creek wind project in Nemaha County. (*Id*.) Nor does it raise any reasonable inference that an entity other than Soldier Creek owns and operates the wind farm at issue in this case.

Renne also asserts that this new evidence led NEER and NEPM to withdraw arguments concerning the court's personal jurisdiction over them at the motion to dismiss stage in a companion case (*Stallbaumer v. NextEra Energy Resources, LLC et al.,* Case No. 22-4031). However, that withdrawal was not an admission that NEER and NEPM are the owners and operators of the wind farm. To the contrary, NEER and NEPM specifically stated that "[i]n withdrawing their personal jurisdiction arguments, NEER and NEPM do not withdraw or waive and continue to maintain their arguments that Plaintiff's claims against them should be dismissed under Rule 12(b)(6)" because they are not the owner or operator of the project. (*Stallbaumer*, Case No. 22-4031, ECF 39, at 2.) The district judge agreed and recently dismissed all claims against NEER and NEPM under Rule 12(b)(6), observing that "whether NEER or NEPM have sufficient minimum contacts with Kansas to establish personal jurisdiction is a separate question from whether Plaintiff can sustain a nuisance claim against an entity based on an alleged nuisance that is neither owned nor operated by that entity." (*Stallbaumer*, Case No. 22-4031, ECF 40, at 9-10.) So the district judge was aware of this "new evidence" and still dismissed all claims against NEER and NEPM in the *Stallbaumer* case.

Here, Renne has simply repeated his prior arguments from this case and the companion cases for why he should be allowed to assert claims against NEER and NEPM. But the only remaining claim in the case is a nuisance claim. Thus, only the owner and operator of the alleged nuisance can be held liable for the resulting damages. Nowhere does the proposed third amended complaint allege or provide facts from which it could reasonably be inferred that NEER or NEPM

6

currently own or operate the wind farm project so as to impose nuisance liability on them. Nor do the facts alleged in the proposed third amended complaint plausibly show the existence of a joint venture or joint enterprise, such that they could be liable under theories of alter ego, joint and several liability, and/or joint venture or common enterprise. For the same reasons his prior motion to amend was denied, and for the same reasons the court dismissed the claims against NEER and NEPM in this case and the companion cases, the court finds that Renne's proposed third amended complaint does not assert plausible nuisance claims against NEER and NEPM. Therefore, Renne's proposed amendment is futile and his motion to amend is denied on this basis as well.

**IT IS THEREFORE ORDERED** that Renne's Motion for Leave to Amend Complaint (ECF 101) is denied.

**IT IS SO ORDERED.**

Dated July 31, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
